EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUSTINO RODRÍGUEZ IRIZARRY, acusado y apelante.

Número: CR-74-62      Resuelto: 10 de diciembre de 1974

*Roberto De Jesús Cintrón* y *A. De Jesús Matos,* abogados del apelante; *Myriam Naveira de Rodón, Procuradora General,* y *Ruth Tentori de Lebrón Velázquez, Procuradora General Auxiliar,* abogadas de El Pueblo.

PER CURIAM: Un solo error apunta el apelante: no haber renunciado expresa e inteligentemente al derecho a ser juzgado por jurado.

█ Para sostener este apuntamiento, el apelante acompaña el récord taquigráfico completo de todas las incidencias del juicio (252 págs. a maquinilla) cuando el incidente a que se contrae su recurso se transcribe en sólo tres páginas. (¹) No cumple con su deber un abogado que hace transcribir todas las notas taquigráficas de un juicio, ocasionando gastos a su cliente y que además le toma el tiempo al taquígrafo que puede dedicarlo a otras transcripciones, causando dilación en la tramitación de otros recursos, cuando sólo necesita la transcripción de un incidente específico; especialmente cuando es el mismo abogado el que representó al apelante en el tribunal de instancia.

Deja mucho que desear también la actuación del abogado en el presente caso cuando él mismo le anuncia al tribunal que

". . . después de conferenciar con nuestro representado, analizar la prueba y ver y examinar las acusaciones, anunciamos al señor Juez que le hemos explicado lo que es un jurado, que le hemos dicho que son doce miembros de esta comunidad que se sientan ahí a pasar juicio sobre el caso para resolver

---

(¹) La Regla 200 de las de Procedimiento Criminal dispone:

"Dentro de los diez días de la presentación del escrito de apelación, el apelante deberá designar aquellas porciones de la prueba oral practicada cuya transcripción interese para perfeccionar su apelación y notificará dicha designación al fiscal dentro del mismo término. Dentro de los diez días siguientes a la notificación de dicha designación, el fiscal podrá notificar y presentar una designación de aquellas porciones adicionales de la prueba oral practicada cuya transcripción interese."

sobre su inocencia o culpabilidad, le hemos dicho también que para que lo puedan condenar se necesita una mayoría de por lo menos nueve a tres, que él tiene ese derecho; nosotros, después de ver toda la prueba, hemos entendido y así hemos aconsejado y así él ha entendido que este caso debe verse por Tribunal de derecho; no se le ha hecho promesa de clase o naturaleza alguna, digo, que su renuncia es inteligente, luego de pesar todos los factores, se trata de un hombre que no solamente es un hombre que ha cursado algunos estudios lo que le capacita para entender lo que se le habla, que a su vez, era para entonces dueño de un comercio, no es la persona que está por debajo de los standard de educación, de tal modo que no puede entenderse eso y después de esas circunstancias y él bajo esa situación de cosas ha dicho que desea que su caso se vea por Tribunal de Derecho . . . ."

y luego apela y sostiene ante este Tribunal que el acusado no renunció expresa e inteligentemente al juicio por jurado.

■ La renuncia a que su caso se viera ante jurado fue expresa e inteligentemente hecha. Luego del abogado expresarse como queda consignado, se desarrolló el siguiente diálogo entre el juez y el acusado donde aparece que el juez se cercioró de que lo que le manifestó el abogado era cierto:

"HON. JUEZ:

Mire, señor Rodríguez, de acuerdo con la Constitución del Estado Libre Asociado, todo acusado de delito grave, como es el delito de robo, tiene derecho a ser juzgado por un jurado, y su abogado, el . . . uno de sus abogados, el compañero Roberto De Jesús ha indicado que él ha explicado a usted qué es un jurado, yo le pregunto si usted ha entendido lo que el compañero le ha explicado de lo que es un jurado?

R. Sí, señor

P. Qué compone la institución del jurado?

R. Sí, señor

P. Su Abogado dice que usted quiere renunciar a ese derecho que usted tiene a ser juzgado por un jurado y que sea el Juez que preside la Sala, en este caso, yo, que resuelva si usted es inocente o culpable de los hechos que se le imputan, eso es correcto?

R. Sí, señor

P. Alguien le ha amenazado para que usted renuncie a ese derecho constitucional que usted tiene?

R. No, señor

P. Le han indicado, digo, le han intimidado, como diríamos ... vamos a intervenir con usted para que usted renuncie a ese derecho y que no sea una renuncia libre, voluntaria, inteligente?

R. No señor

P. Qué edad usted tiene?

R. Treinta y séis años

P. Hasta qué grado estuvo en la escuela?

R. Hasta los diez y nueve años.

P. Qué grado cursó?

R. Estuve cuatro años de High School o sea, cuarto año y año y medio en Administración en la Fuerza Aérea.

HON. JUEZ:

El Tribunal entiende que la renuncia que el acusado Justino Rodríguez hace a su derecho a ser juzgado por un jurado es libre y voluntaria e inteligente y en su consecuencia el caso continuará ventilándose por Tribunal de Derecho."

Es claro que el apelante fue informado adecuadamente de su derecho a que su caso se viera ante jurado y que renunció a ese derecho expresa e inteligentemente. Ver *Pueblo* v. *Morales Romero*, 100 D.P.R. 436 (1972); *Pueblo* v. *Llanos Virella*, 97 D.P.R. 95 (1969); *Pueblo* v. *Delgado Martínez*, 96 D.P.R. 720 (1968); *Pueblo* v. *Juarbe de la Rosa*, 95 D.P.R. 753 (1968).

El apelante alega además que "[n]o surge del récord del proceso que el Juez sentenciador le advirtiera al acusado-apelante que de haber sido encontrado culpable por Tribunal de Derecho del delito de Robo, éste podría enviarlo a la Penitenciaría Estatal por el término dispuesto en la ley, ni surge del récord que le preguntara al acusado si había sido convicto anteriormente de delito felony alguno, y si con anterioridad había sido juzgado ante un Tribunal por un jurado por la comisión de algún delito grave, como es el delito de Robo, aunque dicha alegación de subsiguiente contase en la acusación radicada en su contra."

■ Es evidente que la representación legal del apelante confunde lo que debe expresarle el juez al acusado cuando renuncia al juicio por jurado con las advertencias que debe hacerle antes de aceptarle una declaración de culpabilidad. Ver *Díaz Díaz* v. *Alcaide*, 101 D.P.R. 846 (1973).

■ En *Pueblo* v. *Prieto Maysonet*, 103 D.P.R. 102 (1974), resuelto en el día de hoy, dejamos consignado que sólo debe apelarse de una sentencia condenatoria cuando se tiene la convicción de que se ha cometido un error que amerite la revocación de la sentencia.

*Se confirmarán las sentencias apeladas.*