**Gregorio Sanchez TORRES et al.,
Petitioners-Appellants,**

v.

**Gerardo DELGADO, Warden, et al.,
Respondents-Appellees.**

No. 74–1316.

United States Court of Appeals,
First Circuit.

Submitted Feb. 5, 1975.

Decided Feb. 10, 1975.

Santos P. Amadeo and Jose Enrique Amadeo of Rio Piedras, P. R., on brief for appellants.

Miriam Naveira de Rodon, Sol. Gen., and Candita R. Orlandi, Asst. Sol. Gen., San Juan, P. R., on brief for appellees.

Before COFFIN, Chief Judge, and ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

The single question raised by these appeals from the dismissal of petitions for habeas corpus is the constitutionality of Article II, § 11, subsection 2 of the Constitution of the Commonwealth of Puerto Rico, adopted in 1948, which provides as follows:

"In all prosecutions for a felony the accused shall have the right of trial by an impartial jury composed of twelve residents of the district, who may render their verdict by a majority vote which in no case may be less than nine."

Attacking this last clause, twenty citizens of Puerto Rico convicted by less-than-unanimous verdicts, seek to avoid, by asserting a distinction between the Commonwealth and the several states, the case of Apodaca v. Oregon, 1972, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184, which held that a state constitution permitting such verdicts did not offend the United States Constitution. *See also,* Johnson v. Louisiana, 1972, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152.

In *Apodaca* Mr. Justice White, in an opinion joined in by three other justices, declined to be bound by the two-centuries-old "accepted feature of the common-law jury" that verdicts in criminal cases should be unanimous, concluding that the basic requirement of trial by jury was satisfied without it. Mr. Justice Powell, in a separate concurrence, expressed the view that this result would not be permissible for the federal government by virtue of the Sixth Amendment, but concurred in the result because, in his opinion, less was required by the Fourteenth. It may be noted, however, in the light of the argument that was pressed upon us by petitioners, that both the plurality and the dissenting opinions approached the issue in terms of "the Sixth Amendment . . made applicable to the States by the Fourteenth." 406 U.S. at 383, 406 and 414, 92 S.Ct. at 1630.

■■ By a process of reasoning based in part on such claims as that Puerto Rico's 1948 Constitution was sparked by improper political motives (although nothing is clearer than the fact that motivation is irrelevant if a statute is otherwise unobjectionable, United States v.

O'Brien, 1967, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672), and flew in the face of its "overwhelmingly long tradition of common law jury trials" (1901–1948; with which compare *Apodaca's* rejection of two centuries), and in part on an assertion that the Sixth Amendment, and not the Fourteenth, applies to Puerto Rico (a conclusion we need neither accept nor reject), petitioners contend that although state legislatures may provide for less-than-unanimous verdicts, Puerto Rico may not. We rejected this conclusion when advanced by this same counsel in Fournier v. Gonzalez, 1 Cir., 1959, 269 F.2d 26, saying, at 29,

"Certainly it would be an odd result if the people of Puerto Rico were less free to legislate with reference to a modification of the jury system than are the people of the several States in the Federal Union."

We have no reason to change.

■ It is true that a majority, perhaps all, of the justices indicated in *Apodaca* and *Johnson,* ante, that the federal government would be obliged to continue to adhere to the principle of unanimity, but we find nothing in the reasoning of those permitting the states greater leeway that would forbid a state previously favoring unanimity from making a change. Nor are petitioners advanced by their contention that Balzac v. People of Puerto Rico, 1922, 258 U.S. 298, 42 S.Ct. 343, 66 L.Ed. 627, has been overruled. Whatever may be the status of Balzac today,* petitioners suggest no reason for attacking its basic premise that the United States Constitution does not impose greater restrictions on Puerto Rico than it does upon the states.

The Puerto Rico decisions such as Fournier v. Warden, 1958, 80 P.R.R. 254, were properly accepted by the district court. Its dismissal of the several petitions herein is affirmed without oral argument. Local Rule 12.

---

* We expressly decline to pass on the correctness of the district court's conclusions on that subject. For a comprehensive discussion of certain aspects, *see* Acevedo Montalvo v. Colon, D.C.P.R., 1974 (three-judge court), 377 F.Supp. 1332.