EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ALFONSO DINGUI AYALA, acusado y apelante.

*Número:* CR-74-82        *Resuelto:* 11 de marzo de 1975

*Santos P. Amadeo* y *José Enrique Amadeo,* abogados del apelante; *Myriam Naveira de Rodón, Procuradora General,* y *Josefa A. Román García, Procuradora General Auxiliar,* abogadas de El Pueblo.

PER CURIAM: ██ I. Trasciende los límites de lo que es propio el planteamiento en uno y otro recurso por el abogado del apelante suscitando la cuestión de que los veredictos por mayoría sancionados por el Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico son nulos e ineficaces a pesar de haberse resuelto reiteradamente por este Tribunal que los mismos son válidos. *Pueblo* v. *Báez Cintrón,* 102 D.P.R. 30 (1974) y casos allí citados.

██ II. Plantea la representación legal del apelante la peregrina teoría de que instruir al jurado al efecto de que éste "no tiene derecho a prescindir de la evidencia admitida por la Corte, ni tampoco a desechar arbitrariamente la declaración de un testigo. Y está en el deber de considerar cuidadosamente toda la evidencia presentada en el caso" ". . . constituye una intervención con el funcionamiento del jurado quien no está obligado a resolver el caso de acuerdo con la prueba que ha desfilado ante ellos." Y no para aquí sino que además sostiene que "es necesario que el Tribunal instruya al jurado que éste tiene poder para absolver al acusado a pesar de que el mismo sea culpable de acuerdo con la prueba."

En *Pueblo* v. *Báez Cintrón,* antes citado, expresamos:

". . . Las instrucciones tienen como propósito ilustrar y familiarizar al jurado con las normas básicas de derecho que habrán de guiarlo en su función deliberativa. Autorizar a un jurado a incurrir en flagrante menosprecio de la prueba y de las instruc-

ciones equivale a convertir el estrado en púlpito de anarquía. [Citas.]"

■ III. El juez en el presente caso trasmitió las instrucciones sobre duda razonable generalmente aceptadas, pero el apelante sostiene que están incompletas ya "que no basta una instrucción general a ese efecto. La Corte tiene que instruir al jurado que éste debe encontrar culpable al acusado más allá de duda razonable en cada uno de los elementos del delito, o sea en este caso, los elementos del delito de Asesinato en Primer Grado. . . ." Cita como autoridad *In Re Winship*, 397 U.S. 358 (1970). En el caso de *Winship* ni se planteó ni se resolvió la cuestión invocada por el acusado. *Winship* lo único que resuelve es que para encontrar incurso en una falta a un menor debe establecerse su responsabilidad más allá de duda razonable. [1]

■ IV. El planteamiento de que el veredicto rendido en el presente caso es nulo porque "las instrucciones que el Tribunal sentenciador dio al Jurado no han sido aprobadas por la Legislatura de Puerto Rico", es tan frívolo como todo lo anteriormente discutido. *Pueblo* v. *Sánchez Torres*, 102 D.P.R. 499 (1974).

■ V. Por último sostiene el apelante que la prueba presentada no estableció la comisión del delito imputado más allá de duda razonable. La prueba de cargo clara y convincente establece la culpabilidad del acusado del delito de asesinato en primer grado.

---

[1] Así lo consignó el Tribunal:
". . . This case presents the single, narrow question whether proof beyond a reasonable doubt is among the 'essentials of due process and fair treatment' required during the adjudicatory stage when a juvenile is charged with an act which would constitute a crime if committed by an adult."
". . . Este caso presenta la única y limitada controversia de si prueba más allá de toda duda razonable se encuentra entre 'los elementos del debido proceso de ley y justo trato' requeridos durante la etapa adjudicativa cuando a un menor se le imputa un acto que constituiría un delito si fuese cometido por un adulto."

Un niño llama a su padre porque otro niño lo ha agredido. El padre que vive en un caserío público en Gurabo acude donde su hijo. Cuando estaba hablando con el niño que intervino con el suyo el acusado (padre del otro niño) le ataca por la espalda tirándolo al suelo donde le cortó la vida mediante numerosas heridas inciso-punzantes y penetrantes. La declaración del acusado, única prueba presentada por la defensa, tiende a corroborar la de cargo.

Una vez más repetimos lo consignado en *Pueblo* v. *Prieto Maysonet*, 103 D.P.R. 102 (1974) y *Pueblo* v. *Rodríguez Irizarry*, 103 D.P.R. 98 (1974), que el recurso de apelación solo debe interponerse "cuando se tiene la convicción de que se han cometido errores que ameritan la revocación. No se apela por apelar." La frivolidad del presente recurso es tan palmaria que haberlo interpuesto trasciende los límites de lo que es propio en relación con el asesoramiento que un abogado está en la obligación de brindarle a su cliente. Es deber de todo abogado informarle a su cliente las probabilidades de éxito que tiene la interposición de un recurso de apelación. Todas las cuestiones de derecho planteadas en el presente caso son extremadamente frívolas y carecen de fundamento legal. En cuanto a la suficiencia de la prueba, difícilmente existe un caso más claro y completo de asesinato en primer grado. La interposición de esta clase de recurso no tiene otro efecto que el de congestionar el calendario de este Tribunal y ocasionarle gastos innecesarios a un apelante, no obstante ser claro que su recurso no ha de prevalecer.

*Se confirmará la sentencia apelada.*

El Juez Asociado Señor Torres Rigual emitió opinión separada con la que concurren los Jueces Asociados Señores Rigau, Martín, Irizarry Yunqué y Negrón García.

—O—

Opinión concurrente del Juez Asociado Señor Torres Rigual con la cual concurren los Jueces Asociados Señores Rigau, Martín, Irizarry Yunqué y Negrón García.

San Juan, Puerto Rico, a 11 de marzo de 1975

Aunque estoy plenamente de acuerdo con todo lo expresado en la opinión del Tribunal, creo conveniente hacer unas expresiones adicionales con respecto al segundo error.

Ciertamente la tesis del apelante de que el jurado no está obligado a resolver de acuerdo con la prueba y que puede absolver a pesar de que se haya demostrado la culpabilidad del acusado más allá de duda razonable, corróe en su íntima esencia la institución del jurado y desnaturaliza su función de aquilatar la prueba y de adjudicar las cuestiones de hecho. Es esta una función que debe desempeñarse razonadamente y no en forma arbitraria para que sea digna y respetable. Como juez supremo de los hechos, el jurado no debe dejar intervenir en su ánimo prejuicios, sentimientos de simpatía, presiones o influencias ajenas a la prueba desfilada. Esta juiciosa norma de administración de justicia toma forma en el precepto estatuido en el Art. 524 del Código de Enjuiciamiento Civil, el cual dispone que "el efecto de la evidencia no es arbitrario, sino, que se ejercerá con discreción jurídica y sujeción a las reglas de evidencia." 32 L.P.R.A. sec. 1679.

Es cierto que el jurado puede rendir un veredicto absolutorio contrario a la prueba desfilada, sin que tenga que justificar su arbitrariedad. Sabemos que tal veredicto, aunque reprochable, no está sujeto a revisión. En ese sentido la facultad del jurado adjudicar los hechos resulta ser omnímoda. Pero los jueces de instancia no deben, como pretende el apelante en este caso, alentar este tipo de anarquía entronizando en el veredicto del jurado el capricho y la arbitrariedad. Por el contrario, la misión de ellos es estimular y promover en sus

instrucciones al jurado el desempeño responsable de la función de adjudicar los hechos y de aplicar la ley según lo exponga el juez en sus instrucciones. Véase el Art. 137 de las Reglas de Procedimiento Criminal y *Pueblo* v. *Báez Cintrón*, 102 D.P.R. 30 (1974).

Es por estas razones que concurro plenamente con la opinión *per curiam* emitida por el Tribunal en el día de hoy en este caso.