El Pueblo de Puerto Rico, demandante y apelado, *v.* Irma Collazo Hiraldo, acusada y apelante.

*Número:* CR-76-191    *Resuelto:* 24 de febrero de 1977

*Santos P. Amadeo* y *José Enrique Amadeo,* abogados de la apelante; *Roberto Armstrong, Jr., Procurador General Interino,* y *Josefa A. Román García, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: La acusada practicó un aborto. La mujer intervenida murió. Se le acusó de asesinato en segundo grado.

La prueba de cargo estableció que la víctima en unión de otra persona acudió a la casa de la acusada. La víctima entró en una habitación con ésta. La acompañante se quedó en la sala viendo una novela televisada en compañía de la hija de la acusada.

Al rato la acusada llamó a su hija. Esta salió en busca de un automóvil. La acusada manifestó que le había hecho un remedio porque "no podía comer y comió porque había mucho vómito en el piso." Montaron a la víctima en el carro. Estaba "llena de vómito." La llevaron a un dispensario donde la declararon muerta. El médico que le practicó la autopsia concluyó que murió víctima de un aborto. Declaró que la víctima no era una persona enferma, que el aborto practicado no era necesario para salvarle la vida, que la "causa de la muerte se debió a un shock secundario a la introducción de sustancias extrañas no terapéuticas en el torrente sanguíneo" que descubrió sustancias jabonosas en la placenta y que ese material jabonoso se usa "para producir abortos en forma no científica."

La prueba de la acusada consistió en tres testigos de reputación.

Convicta por el jurado y sentenciada por el tribunal, apeló. Para sostener su recurso apunta sendos errores algunos de los cuales plantean cuestiones de derecho que repetidamente hemos resuelto en contra del abogado de la apelante: (1) la ilegalidad de los veredictos por mayoría; (2) que no se instruyó al jurado que podía absolver aun cuando la acusada fuera culpable; (3) que las instrucciones no fueron aprobadas por la Asamblea Legislativa; (4) que erró el tribunal al instruir al jurado que éste únicamente se regiría por la evidencia admitida en contra de la acusada; (5) que debió instruirse al jurado en el sentido de que debía encontrarla culpable más allá de duda razonable en cada uno de los elementos del delito.

En cuanto al primero apunta el abogado que representa a la acusada que "una cuestión idéntica a la que se plantea en este recurso de apelación fue levantada en el caso de *Frank Anthony Carcerano* v. *Gladden*, 20 L.Ed.2d pág. 1308 (1968), pero no fue resuelta por el Tribunal. . . ." Inexplicablemente olvida la representación de la apelante que lo que se había dejado sin resolver en el caso que cita se resolvió en el año 1972 en *Apodaca* v. *Oregon*, 406 U.S. 404. La representación de la apelante levantó esta misma cuestión en la jurisdicción federal y la Corte de Apelaciones para el Primer Circuito en *Torres* v. *Delgado*, 510 F.2d 1182 (1975), le desestimó la cuestión sin vista oral expresando: "[s]ería ciertamente insólito que el pueblo de Puerto Rico tuviera menos libertad para legislar sobre una modificación al sistema de jurados, que los distintos estados de la Unión." Aparte de esto, repetidamente hemos resuelto en contra la cuestión planteada, *Pueblo* v. *Báez Cintrón*, 102 D.P.R. 30 (1974).

Para los otros cuatro apuntamientos basta examinar *Pueblo* v. *Báez Cintrón*, supra; *Pueblo* v. *Dingui Ayala*, 103

D.P.R. 528 (1975) ; *Pueblo* v. *Sánchez Torres,* 102 D.P.R. 499 (1974).

Señala la apelante en el séptimo apuntamiento que el juez erró al instruir al jurado que la acusada tenía que probar que el delito cometido no es de asesinato en segundo grado. El juez no instruyó tal cosa. Por el contrario manifestó que "al fiscal le toca probar la culpabilidad del acusado y el acusado no tiene obligación de establecer su inocencia."

Sostiene la apelante que no se presentó prueba que la relacione con la comisión del delito imputádole. La hay. La prueba de cargo anteriormente expuesta conecta a la acusada con el delito por el cual se le acusó.

En cuanto al otro error apuntado, no merece ser discutido. *Se confirmará la sentencia apelada.*