Miranda De Hostos, Juez Ponente
*807 TEXTO COMPLETO DE LA SENTENCIA
Se presenta un recurso, de apelación contra una sentencia condenatoria de dos (2) años de cárcel bajo sentencia suspendida, emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, en un caso celebrado por tribunal de derecho por el delito de Agresión Agravada Grave.
Inconforme con el dictamen, la parte apelante Luis J. Lugo Matos alega que incidió el tribunal de instancia; primero, por el Fiscal no haber probado el cargo más allá de duda razonable; segundo, que la prueba era insuficiente en derecho y de dudosa credibilidad; y tercero, por no estar conforme con la representación legal que tuvo durante el juicio.
Evaluados los escritos presentados por las partes y la exposición narrativa de la prueba, se confirma la sentencia apelada por los siguientes fundamentos.
Los hechos a los cuales el tribunal de instancia en su delicada función adjudicativa, le dio entero crédito establecen, que la señora Filomena Lugo García, una anciana de 67 años de edad, retirada como principal de escuela, el día 5 de noviembre de 1995, se encontraba frente a su hogar arreglando el jardín.
Ese día un sobrino de ella de nombre Eliezer salió de la casa del apelante que queda al lado, le pidió la bendición y se fue en su automóvil. El apelante salió de dicha casa "[y] le dijo 'radio bemba' y que le había hecho pasar una vergüenza en la corte. El imputado le dio dos bofetadas en la cara, le tumbó los espejuelos que se rompieron y ella cayó para atrás, tratándose de aguantar con su mano izquierda". E.N.P., pág. 2.
Ante dicha agresión el hijo de la perjudicada José Antonio García Lugo, que estaba en la parte de arriba de la casa lavando unas ventanas salió en su defensa. En ese momento salió también el hijo del apelante con un palo formándose una pelea, de la cual el hijo de la perjudicada salió con una herida de cinco puntos de sutura, otra herida en la cabeza y perdió dos dientes. Estas heridas se provocaron mientras el apelante sujetaba al hijo de la perjudicada y éste recibía los golpes con un palo, de parte del hijo del apelante. E.N.P., págs. 2 y 3.
La policía fue llamada para tomar los datos de la querella relatados por la perjudicada. Luego envió a la perjudicada y a su hijo a recibir asistencia médica y éstos fueron trasladados al Hospital San Francisco, donde fueron atendidos por la Dra. Eva Calderón Sánchez, la cual de su examen concluyó que la perjudicada no mostraba hematomas en su cara ni en el ojo derecho, aunque el movimiento de la mano izquierda -muñeca-estaba disminuido. E.N.P., págs. 7 y 8. No se ordenó que se tomaran placas de Rayos X, ya que del examen se concluyó que no era necesario en cuanto a los golpes de la cabeza y el ojo, pero se ordenó que se realizaran en cuanto al pecho y la mano izquierda, por el dolor que se alegaba y la limitación del movimiento. E.N.P., pág. 8.
n
Acorde a los hechos determinados, analicemos el estado de derecho aplicable frente a los errores señalados. Por entender que los errores primero y segundo tratan sobre la alegada insuficiencia de prueba del Fiscal para probar el caso más allá de duda razonable, se discuten ambos en conjunto.
*808 El Código Penal define en el Art. 94, que toda persona que empleare fuerza contra otra para causarle daño comete el delito de agresión. 33 L.P.R.A. see. 4031. Considerándose dicho delito como uno agravado que conlleva la pena de delito grave, si se cometiere contra una persona de sesenta (60) años o más. 33 L.P.R.A. see. 4032 (Supl. 1996.)
Nuestro ordenamiento penal y probatorio dispone que le corresponde al Fiscal establecer la culpabilidad del acusado más allá de duda razonable. Regla 10 de las Reglas de Evidencia, 32 L.P.R.A. Ap. IV. Esta prueba no tiene que establecer con certeza matemática la culpabilidad, sino que debe producir en el juzgador la certeza moral que convence, dirige la inteligencia y satisface la razón, de que el acusado cometió el delito por el cual se le acusa. Pueblo v. Calderón Alvarez, opinión de 18 de abril de 1996, 96 J.T.S. 57, pág. 1010 (casos citados); Pueblo v. Gagot Mangual, 96 D.P.R. 625, 627 (1968).
Se ha reconocido de manera reiterada por nuestro más alto foro, que los tribunales de instancia en su delicada función de adjudicar los hechos y aquilatar la prueba, están en mejor posición, por lo cual sus determinaciones merecen gran respeto y deferencia. Pueblo v. Miranda Ortiz, 117 D.P.R. 191, 192 (1986).
Existe una clara norma de abstención de un tribunal apelativo de entender en cuestiones de credibilidad, que han sido correctamente juzgadas por el foro de instancia. Pueblo v. Colón Burgos, opinión de 12 de abril de 1996, 96 J.T.S. 52, pág. 570. En ausencia de error manifiesto, pasión, prejuicio o parcialidad, no se intervendrá con la apreciación que se haga de la prueba por el foro de instancia. Pueblo v. Sánchez Molina, 12 de noviembre de 1993, 93 J.T.S. 140, pág. 11250; Pueblo v. Sanabria Pérez, 113 D.P.R. 694, 699 (1983).
Conforme a la norma de derecho antes mencionada, surge de la exposición narrativa de la prueba que antes resumimos lo siguiente. La perjudicada, fue víctima de una agresión en la cara por parte del apelante y se cayó al piso como resultado de la misma, afectándose su mano izquierda. La declaración de la doctora que la atendió en la sala de emergencias y el policía, lejos de desvirtuar los hechos, lo que hacen es corroborarlos en todos los extremos.
En cuanto a las contradicciones de las versiones entre la prueba del pueblo y la defensa, basta con señalar que las mismas fueron dirimidas por el tribunal y las conclusiones a las cuales llegó se sostienen claramente con la prueba presentada. Por lo cual concluimos, que el foro de instancia no incidió al emitir un fallo condenatorio, además, la parte apelante no ha podido rebatir la presunción de corrección del procedimiento.
ni
En cuanto al tercer error, debemos señalar que existe una presunción a nivel apelativo que el acusado fue adecuadamente representado y a éste compete el refutarlo. Pueblo v. Fernández Simono, opinión de 2 de abril de 1996, 96 J.T.S. 49, pág. 945. Es norma reiterada que errores del defensor sin consecuencias en el trámite del juicio que demuestren una violación al debido proceso de ley, no justifican la revocación de la sentencia. Pueblo v. Morales Suárez, 117 D.P.R. 497, 500 (1986); Pueblo v. Marrero Laffosse, 95 D.P.R. 186, 190 (1967).
Para que proceda una revocación de sentencia por inadecuada representación legal, debe probarse que analizadas las circunstancias del caso las actuaciones u omisiones del representante legal, causaron un perjuicio sustancial que de no haber incidido, "[ejxistía la probabilidad de que el resultado del juicio habría sido distinto." Pueblo v. Ríos Maldonado, opinión de 9 de diciembre de 1992, 92 J.T.S. 166, pág. 10177. (Casos citados.)
La mención que se hace por la parte apelante para sustentar el error de inadecuada representación legal, de que el abogado pretendió presentar una prueba para impugnar a la perjudicada la cual no fue permitida, y que no se consignara su ofrecimiento, no es suficiente en derecho para concluir que la representación legal no fue adecuada.
Analizadas las circunstancias concurrentes del caso, concluimos que la parte apelante no ha podido demostrar que el alegado error le causó perjuicio sustancial, que de no haber ocurrido, el resultado final del caso hubiera sido distinto.
*809 IV
Por los anteriores fundamentos se confirma la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 97 DTA 189
1. Nos llama la atención la manera tan liviana en que se alega como error la inadecuada representación legal sin presentar pruebas y argumentos para sostenerlo. Sobre la responsabilidad de los abogados al señalar errores en apelación, véase, Pueblo v. Dingui Ayala, 103 D.P.R. 528, 531 (1975). (Casos citados.)