EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RUFINO CONCEPCIÓN DÍAZ, acusado y apelante.

*Número*: CR-72-148     *Resuelto*: 13 de abril de 1973

*Santos P. Amadeo, Manuel Pérez Sierra y José Enrique Amadeo,* abogados del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Cándita R. Orlandi Gómez, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: A la conclusión del juicio el 21 de agosto de 1970 un jurado trajo un veredicto de culpabilidad por mayoría de 9 a 3 contra el apelante, en tres cargos descritos como posesión, transportación y venta de marihuana y el tribunal de instancia le impuso la pena de 5 a 10 años de presidio en cada cargo a cumplirse concurrentemente.

Señala dos errores:

1.—La nulidad de un veredicto por mayoría por ser contrario a la Enmienda Sexta de la Constitución Federal; y

2.—No haberle permitido el tribunal una línea de interrogatorio conducente a impugnar la credibilidad del agente encubierto.

Ninguno de los apuntamientos de error tiene méritos.

El argumento del apelante al efecto de que el juicio por jurado tiene más de método político, para protección de minorías que de elemento integrante del debido proceso de ley se revierte contra el proponente. En Puerto Rico no existe el agudo problema de minorías presente en algunas comunidades de los Estados Unidos de América y de aceptar el argumento, las decisiones políticas tomadas por el Pueblo de Puerto Rico aprobando la Constitución de 1952 y por el Congreso ratificando la misma y específicamente su Art. II, Sec. 11, que provee veredictos por mayoría de tres cuartas partes del jurado, queda confirmada nuestra anterior expresión de que las circunstancias históricas, sociológicas y políticas dieron a este pueblo un vínculo constitucional único en su

clase con los Estados Unidos de América dentro del cual prevalecerán las disposiciones de nuestra Constitución sin que ello plantee conflicto sino entendimiento de pueblos democráticos disímiles capaces de conservar su unión sin desnaturalizarse. *Pueblo* v. *Hernández Soto*, 99 D.P.R. 768, 778–779 (1971).

En su contrainterrogatorio del agente encubierto el apelante insinuó ante el jurado que el primero había sido expulsado de la policía como consecuencia de una investigación practicada en otro caso por el Sr. Fiscal de Humacao, quien supuestamente obtuvo una declaración del agente admitiendo soborno. Aparentemente frustrado en su pesquisa por las contestaciones del agente, el abogado del apelante no presionó su descubrimiento de prueba hasta solicitar del tribunal, que trató la cuestión con razonable liberalidad, una orden para obligar la comparecencia del fiscal con la alegada declaración inculpatoria por lo que no hay hechos en el récord que nos permitan reexaminar la vigente norma que regula la impugnación de credibilidad de un testigo dentro de la interpretación que hemos dado a los Arts. 383, 397(14) y 520 de la Ley de Evidencia. (32 L.P.R.A. secs. 1664, 1678, 2150.)

*Se confirmarán las sentencias apeladas.*

Los Jueces Asociados, Señores Martínez Muñoz y Martín, concurren en el resultado.