EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GREGORIO SÁNCHEZ TORRES, acusado y apelante.

*Número:* CR-73-137          *Resuelto:* 17 de septiembre de 1974

500

*Myriam Naveira de Rodón, Procuradora General,* y *Candita R. Orlandi, Procuradora General Auxiliar,* abogadas de El Pueblo; *Santos P. Amadeo* y *José Enrique Amadeo,* abogados del apelante.

PER CURIAM: Mediante el recurso ante nuestra consideración se apela de una sentencia de reclusión perpetua por el delito de asesinato en primer grado, de otra de dos a cinco

años de presidio por portar un arma de fuego y de otra de un año de cárcel por posesión ilegal del arma, cargos basados en hechos ocurridos simultáneamente, parte de un mismo suceso. El Procurador General nos pide que desestimemos el recurso por falta de jurisdicción. Las sentencias fueron dictadas el 10 de marzo de 1971. El escrito de apelación se presentó el 21 de noviembre de 1973, luego de que el tribunal sentenciador celebrara una vista y proveyera accediendo a una moción del acusado solicitando la "reinstalación" de la apelación. La moción se había presentado el 27 de agosto de 1973.

■ Parece haber influido en la decisión del tribunal de instancia el hecho de que luego de la alocución y antes de pronunciarse sentencia el acusado expresó: "Yo lo que quiero que por lo menos se haga una apelación." A esto el juez contestó: "Usted tiene derecho a apelar y esto será una gestión que hará su abogado en representación suya." Este incidente no pudo tener el alcance de sustituir el requisito de la Regla 194 de Procedimiento Criminal de que la apelación se formalice "presentando un escrito de apelación en la secretaría de la sala del tribunal que dictó la sentencia, dentro de los veinte días siguientes a la fecha en que la sentencia fue dictada."

Este no es el caso que contempla la Regla 166 de Procedimiento Criminal de un acusado que comparece a oír la sentencia sin estar representado por abogado. Dice dicha Regla: ". . . Si el acusado no estuviere representado por abogado el tribunal le informará de su derecho a apelar y, a solicitud del acusado, el secretario preparará y presentará un escrito de apelación cumpliendo con los requisitos que exigen estas reglas."

No puede cobijarse tampoco este caso bajo el palio de la Regla 12.2 de las de Administración del Tribunal de Primera Instancia. [1] El apelante estaba representado por abogado de

---

[1] "Regla 12.2. Asistencia de abogado en el Tribunal Superior para el perfeccionamiento de la apelación.

(a) Cuando un acusado fuere representado durante el juicio ante el

su propia selección y el Juez sentenciador hizo lo correcto al señalarle que la apelación sería una gestión "que hará su abogado en representación suya." Con ello, de ser el deseo del acusado apelar, quedó responsabilizado su abogado para hacer los trámites necesarios para ello. No podemos estirar la interpretación de esta Regla para eximir al abogado de su responsabilidad ni para dispensar lo requerido por la Regla 194 de Procedimiento Criminal.

■■■ No se puede reinstalar lo que no ha sido previamente instalado. El tribunal sentenciador carecía de autoridad para

---

Tribunal Superior por un abogado de la Sociedad para Asistencia Legal y, convicto que fuere, apelare de la sentencia para ante el Tribunal Supremo, será deber del abogado que firme el escrito de apelación o del abogado que para ello designe la Sociedad para Asistencia Legal asistir a dicho apelante en el trámite apelativo hasta perfeccionar el recurso, a menos que para la tramitación del recurso de apelación el apelante obtuviere los servicios de un abogado de su propia selección y se consigne este hecho en el récord.

Si el escrito de apelación fuere firmado por el acusado por su propio derecho y no por el abogado de la Sociedad para Asistencia Legal, será deber del Secretario del tribunal sentenciador informar prontamente ese hecho al juez, y éste asegurará la representación legal del apelante durante la tramitación del recurso de apelación, ya sea nombrándole un abogado de la Sociedad para Asistencia Legal, si el apelante fuere insolvente, o incluyendo en el récord el nombre del abogado seleccionado por el apelante y comprobando que dicho abogado asistirá al apelante en el recurso de apelación.

(b) Si el *acusado fuere representado en el juicio por un abogado de* su selección y, convicto que fuere, apelare de la sentencia por medio de su abogado, será deber de éste asistirle en el trámite apelativo hasta perfeccionar el recurso. En caso de que medie una renuncia de representación aprobada por el tribunal sentenciador, el juez tomará las medidas pertinentes para asegurarle representación legal al apelante a los fines del perfeccionamiento del recurso, ya sea nombrándole un abogado de la Sociedad para Asistencia Legal, si el apelante fuere insolvente, o incluyendo en el récord el nombre del abogado seleccionado por el apelante y comprobando que dicho abogado asistirá al apelante en el recurso de apelación.

Si habiendo sido representado en el juicio por un abogado de su selección, el acusado sentenciado apelare por derecho propio, será deber del secretario dar prontamente cuenta de ese hecho al juez y éste asegurará la representación legal del apelante durante la tramitación del recurso de apelación, ya sea nombrándole un abogado de la Sociedad para Asistencia Legal, si el apelante fuere insolvente, o incluyendo en el récord el nombre del abogado seleccionado por el apelante y comprobando que dicho abogado asistirá al apelante en el recurso de apelación."

decretar la llamada "reinstalación" de una apelación que nunca se formalizó. Por esa misma razón carecemos nosotros de jurisdicción para considerarla.

Lo dicho bastaría para disponer de este recurso. No obstante, conviene señalar que hemos considerado los planteamientos que se hacen en el alegato del apelante y concluimos que son inmeritorios. Veámoslos sucintamente.

■ Las causas por asesinato y portación de un arma de fuego se ventilaron ante un jurado. El juez entendió en la acusación por posesión ilegal del arma por tratarse de un delito menos grave. El fallo condenatorio del jurado fue unánime en cuanto a la portación del arma. El veredicto de culpabilidad por asesinato se produjo por mayoría de once a uno. Alega el apelante que por no ser unánime, es nulo. Hemos resuelto lo contrario en repetidas ocasiones. Véanse: *Pueblo* v. *Báez Cintrón,* 102 D.P.R. 30 (1974); *Pueblo* v. *Concepción Díaz,* 101 D.P.R. 279 (1973); *Pueblo* v. *París Medina,* 101 D.P.R. 253 (1973); *Pueblo* v. *Batista Maldonado,* 100 D.P.R. 936, 937 (1972); *Pueblo* v. *Hernández Soto,* 99 D.P.R. 768, 778 y 779 (1971); *Pueblo* v. *Maldonado Dipiní,* 96 D.P.R. 897, 900 (1969) y *Fournier* v. *González,* 80 D.P.R. 262, 264 (1958).

■ Argumenta el apelante que erró el juez sentenciador al no instruir al jurado que podía absolverle aunque fuera culpable de acuerdo con la prueba; al instruirle que no tenía derecho a prescindir de la prueba admitida ni a desechar arbitrariamente la declaración de un testigo; y, al instruir al jurado sobre lo que constituye duda razonable. El apelante no hizo objeción a las instrucciones ni solicitó instrucciones especiales o adicionales durante la celebración del juicio. Por el contrario, su abogado expresó al terminar el juez de impartir sus instrucciones que no tenía objeción alguna que formular y comentó, "Ha sido todo perfecto." La Regla 137 de Procedimiento Criminal, al referirse a las instrucciones al jurado, dice: ". . . Ninguna de las partes podrá señalar como error

cualquiera porción de las instrucciones u omisión en las mismas a menos que planteare su objeción a ellas o solicitare instrucciones adicionales antes de retirarse el jurado a deliberar, exponiendo claramente los motivos de su impugnación, o de su solicitud. . . ." Véanse además *Pueblo* v. *Báez Cintrón*, supra; *Pueblo* v. *Torres Rolón*, 99 D.P.R. 970 (1971); *Pueblo* v. *De León Claudio*, 99 D.P.R. 266 (1970); *Pueblo* v. *Álvarez de Jesús*, 99 D.P.R. 124 (1970); *Pueblo* v. *García*, 98 D.P.R. 855 (1970); *Pueblo* v. *Delgado Lafuente*, 97 D.P.R. 266 (1969). Además, hemos examinado las instrucciones impartidas y se ajustan a derecho.

■ Carece igualmente de méritos el planteamiento de que son nulos los veredictos porque las instrucciones dadas al jurado "no han sido aprobadas por la Legislatura de Puerto Rico de acuerdo con el Art. V, Sec. 6 de la Constitución del Estado Libre Asociado de Puerto Rico."

Las Reglas de Procedimiento Criminal fueron adoptadas por este Tribunal y oportunamente remitidas a la Asamblea Legislativa para su consideración. El procedimiento se ajustó al Art. V, Sec. 6 de la Constitución, que dice:

"El Tribunal Supremo adoptará, para los tribunales, reglas de evidencia y de procedimiento civil y criminal que no menoscaben, amplíen o modifiquen derechos sustantivos de las partes. Las reglas así adoptadas se remitirán a la Asamblea Legislativa al comienzo de su próxima sesión ordinaria y regirán sesenta días después de la terminación de dicha sesión, salvo desaprobación por la Asamblea Legislativa, la cual tendrá facultad, tanto en dicha sesión como posteriormente, para enmendar, derogar o complementar cualquiera de dichas reglas, mediante ley específica a tal efecto."

La Asamblea Legislativa no solamente no desaprobó las Reglas, como lo había hecho en 1960, 1961 y 1962,[2] sino

---

[2] Para el historial sobre aprobación de las Reglas de Procedimiento Criminal véase la anotación al calce de la Regla 1, 34 L.P.R.A. Ap. II.

que también las enmendó en la misma sesión en que quedaron aprobadas. Véase la Ley Núm. 87 de 26 de junio de 1963.

■ La Regla 137 es explícita sobre la forma de instruir al jurado. (³) No puede pretenderse que las instrucciones en sí tengan que ser aprobadas. Los tribunales tienen la facultad inherente de proveer procedimientos y complementar los ya establecidos y llenar vacíos procesales, siempre que no contravengan lo dispuesto por estatuto. Véase *González* v. *Tribunal Superior*, 75 D.P.R. 585 (1953).

Se dictará sentencia desestimando el recurso.

El Juez Asociado Señor Dávila, concurre con el resultado. Entiende el Juez Asociado Señor Dávila que lo expresado por el apelante luego de la alocución y antes de pronunciarse sentencia equivale a haber apelado conforme a la Regla 12.2 de Administración del Tribunal de Primera Instancia. No obs-

---

(³) La Regla 137 dispone:

"Terminados los informes, el tribunal deberá instruir al jurado haciendo un resumen de la evidencia y exponiendo todas las cuestiones de derecho necesarias para la información del jurado. Por estipulación de las partes, hecha inmediatamente antes de empezar las instrucciones y aprobada por el tribunal, se podrá omitir hacer el resumen de la evidencia. Todas las instrucciones serán verbales a menos que las partes consintieren otra cosa. Cualquiera de las partes podrá presentar al tribunal una petición escrita de que se den determinadas instrucciones, al terminar el desfile de la prueba, o anteriormente si el tribunal razonablemente así lo ordena. Deberá servirse copia de dicha petición a la parte contraria. El tribunal podrá aceptar o rechazar cualquiera o todas dichas peticiones, anotando debidamente su decisión en cada una, e informará a las partes de su decisión antes de que éstas informen al jurado. Ninguna de las partes podrá señalar como error cualquiera porción de las instrucciones u omisión en las mismas a menos que planteare su objeción a ellas o solicitare instrucciones adicionales antes de retirarse el jurado a deliberar, exponiendo claramente los motivos de su impugnación, o de su solicitud. Se le proveerá oportunidad para formular éstas fuera de la presencia del jurado. El tribunal procederá entonces a resolver la cuestión, haciendo constar su resolución en el expediente o trasmitiendo cualquier instrucción adicional que estimare pertinente. Al terminar las instrucciones el tribunal nombrará al presidente del jurado y ordenará que el jurado se retire a deliberar. En sus deliberaciones y veredicto el jurado vendrá obligado a aceptar y aplicar la ley según la exponga el tribunal en sus instrucciones."

tante, opina que debe confirmarse la sentencia por considerar inmeritorios los errores alegados por el apelante.