

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico  Recurrido  v.  Ronny A. Román Feliciano  Peticionario | Certiorari  2011 TSPR 60  181 DPR _____ |
|---|---|

Número del Caso: CC - 2009 - 733

Fecha: 12 de abril de 2011

Tribunal de Apelaciones:

Región Judicial de Ponce Panel VII

Juez Ponente:

Hon. Luis A. Rosario Villanueva

Abogados de la Parte Peticionaria:

Lcdo. Carlos J. García Morales
Lcdo. Javier H. Jiménez Vázquez

Oficina de la Procuradora General:

Lcda. Isabel Sánchez del Campo
Procuradora General Auxiliar

Materia: Art. 404 Ley de Sustancias Controladas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                  CC-2009-733      Certiorari

Ronny A. Román Feliciano

    Peticionario

Opinión del Tribunal emitida por el Juez Presidente SEÑOR HERNÁNDEZ DENTON

San Juan, Puerto Rico, a 12 de abril de 2011.

El recurso de epígrafe nos brinda la oportunidad de precisar la existencia del mecanismo de reconsideración de asuntos interlocutorios en el ámbito procesal criminal. Asimismo, debemos determinar si una oportuna moción de reconsideración sobre un dictamen interlocutorio durante un proceso penal interrumpe el término para acudir mediante *certiorari* ante el Tribunal de Apelaciones. Por entender que una solicitud de reconsideración sobre una resolución u orden interlocutoria interrumpe el término para acudir ante el foro

apelativo intermedio, revocamos el dictamen del Tribunal de Apelaciones que decidió lo contrario.

I.

En agosto del 2007, el Ministerio Público le presentó al Sr. Ronny A. Román Feliciano una acusación por presuntamente haber infringido el Art. 404 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2404. En ésta, esencialmente, se le imputó al señor Román Feliciano haber poseído ilegalmente la sustancia controlada conocida como marihuana. Posteriormente, luego de presentada la acusación, el señor Román Feliciano instó una moción de supresión de evidencia al amparo de la Regla 234 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 234. En síntesis, alegó que la supuesta sustancia controlada ocupada por el Ministerio Público en su caso había sido incautada ilegalmente.

El 3 de febrero de 2009, el Tribunal de Primera Instancia emitió una resolución mediante la cual ordenó transferir el asunto a otra sala del tribunal para la celebración de la correspondiente vista de supresión de evidencia. No obstante, el 1 de abril de 2009, el foro primario declaró no ha lugar la solicitud de supresión de evidencia sin haber celebrado vista para ello. Esto, pues, según el foro de instancia, de la moción presentada por el señor Román Feliciano no surgían hechos o razones específicas que fundamentaran la ilegalidad de la incautación. A tales efectos, el 17 de abril de 2009, el

señor Román Feliciano presentó una oportuna moción de reconsideración, la cual fue denegada por el foro de instancia el 27 de abril del mismo año.

Como consecuencia de ello, el 26 de mayo de 2009, el señor Román Feliciano acudió ante el Tribunal de Apelaciones mediante recurso de *certiorari*. En éste, esencialmente, alegó que erró el Tribunal de Primera Instancia al declarar no ha lugar una solicitud de supresión de evidencia sin la celebración de la correspondiente vista, cuando ésta ya había sido ordenada por otro Juez del foro primario. El foro apelativo intermedio, sin embargo, desestimó el recurso por entender que carecía de jurisdicción para atenderlo. Según el Tribunal de Apelaciones, la moción de reconsideración presentada por el señor Román Feliciano ante el foro primario no interrumpió el término para acudir ante el foro apelativo intermedio mediante recurso de *certiorari*.

Inconforme con dicha determinación, el señor Román Feliciano acude ante nos y alega, en esencia, que erró el Tribunal de Apelaciones al desestimar su recurso apelativo por falta de jurisdicción, pues, según señala, la moción de reconsideración presentada ante el Tribunal de Primera Instancia tuvo el efecto de interrumpir el término para acudir ante el foro apelativo intermedio mediante *certiorari*.

Examinado el recurso, acordamos expedir. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

Este caso presenta dos controversias principales. Por un lado, debemos aclarar la existencia del mecanismo de reconsideración de órdenes o resoluciones interlocutorias durante un proceso penal. Por otro lado, debemos determinar si una oportuna presentación de una solicitud de reconsideración sobre una orden o resolución interlocutoria interrumpe el término para acudir mediante *certiorari* ante el Tribunal de Apelaciones.

De hecho, es pertinente mencionar que nos encontramos ante una situación en la cual hay una diferencia de criterios entre dos decisiones de Paneles distintos en el Tribunal de Apelaciones. Por un lado, en el caso de epígrafe el foro apelativo intermedio decidió que la solicitud de reconsideración de una resolución interlocutoria no interrumpió el término para acudir mediante *certiorari* ante dicho foro. En otra ocasión, sin embargo, en Pueblo v. Daniel E. Montes Carro, KLCE0601048, otro Panel del Tribunal de Apelaciones decidió lo contrario. En otras palabras, que la moción de reconsideración presentada en ese caso sí interrumpió el término para acudir en alzada ante el foro apelativo intermedio. Ante tal panorama y divergencia entre paneles

del Tribunal de Apelaciones, nos vemos obligados a atender el asunto.

A.

Como es sabido, los jueces están facultados para corregir sus dictámenes y providencias en aras de ajustarlos a la ley y a la justicia. 4 L.P.R.A. sec. 24o(h). Por tal razón, no debe haber la menor duda sobre el hecho de que los tribunales tienen el poder inherente de reconsiderar sus determinaciones, a solicitud de parte o *motu proprio*, siempre que, al actuar de esa manera, todavía conserven jurisdicción sobre el caso. Pueblo v. Vera Monroig II, 172 D.P.R. 797 (2007) (Opinión Disidente del ex Juez Asociado señor Rebollo López); Pueblo v. Rodríguez Meléndez, 150 D.P.R. 519 (2000); Pueblo v. Valdés Sánchez, 140 D.P.R. 490 (1996).

Así, nuestros cuerpos normativos procesales regulan lo relativo a las solicitudes de reconsideración tanto en el ámbito civil como en el penal. A tales efectos, en los procedimientos civiles, la Regla 47 de Procedimiento Civil establece las características elementales de la moción de reconsideración tanto para sentencias como resoluciones emitidas por el tribunal. 32 L.P.R.A. Ap. V R. 47.

Por otro lado, nuestro cuerpo procesal criminal no regula de forma directa la presentación de una moción o petición de reconsideración durante un proceso penal. No obstante, en la Regla 194 de Procedimiento Criminal, que establece el procedimiento mediante el cual se puede

formalizar un recurso apelativo en el ámbito penal, se mencionan los efectos de una moción de reconsideración sobre una *sentencia*. 34 L.P.R.A. Ap. II R. 194; véase, además, Pueblo v. Santana Rodríguez, 148 D.P.R. 400, 404-405 (1999). Sobre el efecto procesal de una petición de reconsideración, dicha regla establece que:

> Si cualquier parte solicitare la reconsideración de la sentencia dentro del término improrrogable de quince (15) días desde que la sentencia fue dictada, el término para radicar el escrito de apelación o de *certiorari* quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del tribunal adjudicando la moción de reconsideración. 34 L.P.R.A. Ap. II R. 194. (Énfasis en el original)

Como se deduce del texto citado anteriormente, una oportuna moción de reconsideración de una *sentencia* emitida por el tribunal interrumpe el término para acudir mediante apelación o *certiorari* ante el Tribunal de Apelaciones. Esta regla, sin embargo, regula el efecto procesal que tendrá sólo la oportuna presentación de una solicitud de reconsideración de una *sentencia* en el proceso penal. Sobre los posibles efectos, y la existencia misma del mecanismo de reconsideración sobre resoluciones u órdenes interlocutorias en los procesos penales, las Reglas de Procedimiento Criminal no preceptúan nada.

Anteriormente, sin embargo, la Ley de la Judicatura de 1994, en su Art. 4.002(f), regulaba lo relativo a las peticiones de reconsideración sobre resoluciones

interlocutorias en los casos penales. A tales efectos, el referido artículo establecía que:

> En casos criminales, la presentación de una moción de reconsideración no interrumpirá el término para solicitar un *certiorari* bajo este inciso, a menos que el Tribunal de Primera Instancia acoja la moción dentro del término de treinta días dispuesto en este inciso para solicitar un *certiorari*. 4 L.P.R.A. sec. 22k.(Énfasis en el original)

Por lo tanto, quedaba claro en nuestro ordenamiento procesal que, de ordinario, una solicitud de reconsideración sobre una resolución interlocutoria en un proceso penal no interrumpía el término para acudir ante el Tribunal de Apelaciones mediante recurso de *certiorari*. Sólo se interrumpía dicho término si el foro primario acogía dicha moción. Asimismo, anteriormente también existían lagunas sobre el plazo para presentar una moción de reconsideración en estos casos, pues tanto la Ley de la Judicatura de 1994 como las Reglas de Procedimiento Criminal vigentes guardaban silencio al respecto. Tal como nos lo expresa el Profesor y ex Juez Hiram A. Sánchez Martínez:

> Subsiste, sin embargo, la incógnita de cuál será el plazo para presentar la moción de reconsideración respecto a una orden o resolución interlocutoria. Como el asunto no está resuelto, el modo más seguro de actuar es utilizar, por analogía, el plazo de 15 días que contienen todas las demás reglas procesales vigentes sobre mociones de reconsideración... H.A. Sánchez Martínez, Derecho Procesal Apelativo, San Juan, Lexis-Nexis de Puerto Rico, Inc., pág. 97.

No obstante, el Art. 4.002(f) de la Ley de la Judicatura de 1994 quedó derogado al aprobarse la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 del 22 de agosto de 2003, *supra*. Al advenir en vigencia este nuevo cuerpo normativo, vemos que nada se dispuso específicamente sobre la existencia de la moción o petición de reconsideración sobre órdenes o resoluciones interlocutorias en procesos penales.

De una cuidadosa lectura del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, así como de la Ley de la Judicatura del 2003, *supra*, y de las Reglas de Procedimiento Criminal, *supra*, se desprende que existe un vacío normativo al respecto. A pesar de ello, no podemos obviar la máxima de Derecho que le reconoce a los tribunales el poder para revisar sus dictámenes y así ajustarlos al derecho vigente y al principio rector de justicia. Sánchez Martínez, *op. cit.*, pág. 92. Para esto, la moción de reconsideración en los procesos judiciales funge como un mecanismo procesal mediante el cual una parte afectada, ya sea por una resolución, orden interlocutoria, sentencia final o dictamen posterior, le solicita al tribunal adjudicador que modifique o deje sin efecto el dictamen en controversia. *Íd.*, Dumont v. Inmobiliaria Estado, Inc., 113 D.P.R. 406 (1982); véase, además, Dávila v. Collazo, 50 D.P.R. 497 (1936); Lagares v. E.L.A., 144 D.P.R. 601 (1997).

Como es sabido, es un principio de Derecho comúnmente seguido por este Foro el cual, en determinadas circunstancias, se entiende por permitido lo que no está prohibido. Pueblo v. Valdés Sánchez, 140 D.P.R. 490 (1996); Campos del Toro v. Ame. Transit Corp., 113 D.P.R. 337 (1982). En el ámbito penal, esta máxima está predicada, claro está, en circunstancias en que no se afecten los derechos de un imputado o acusado.

Asimismo, en Pueblo v. Cortés Rivera, 142 D.P.R.305 (1997), expresamos el poder inherente de este Tribunal para suplir procedimientos cuando éstos no existen o cuando hayan sido preceptuados inadecuadamente por algún estatuto y ante alguna laguna procesal creada al entrar en vigor la Ley de la Judicatura de 1994. Ello, con la finalidad de uniformar los plazos apelativos al amparo del antiguo estatuto regulador de la Judicatura.

Así, también, la Ley de la Judicatura de 2003, *supra*, fija como objetivo el funcionamiento de un sistema judicial unificado en lo concerniente a jurisdicción, funcionamiento y administración. 4 L.P.R.A. sec. 24b. Además, dicho estatuto exige que las normas procesales, tanto civiles, de derecho probatorio, penales y las correspondientes a la administración de los tribunales, tomen en cuenta y adelanten los principios y objetivos de dicho cuerpo normativo. 4 L.P.R.A. sec. 24c. Y no es para menos, pues mediante un sistema unificado de reglas los principios de

economía procesal, rapidez y justicia se pueden alcanzar de forma más eficiente.

Por su parte, como se mencionó anteriormente, las Reglas de Procedimiento Civil regulan explícitamente lo concerniente a la moción o solicitud de reconsideración en la Regla 47, *supra*. Entre otras cosas, dicha regla establece que "[l]a parte adversa afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución", s*upra*. Por lo tanto, en los procesos civiles está muy claro que una parte afectada por una resolución u orden interlocutoria puede solicitarle al tribunal adjudicador la revisión de alguna de éstas en el plazo de quince días a partir de la correspondiente notificación de las mismas.

La Ley de Procedimiento Administrativo Uniforme, además, establece y detalla en su Sec. 2165 lo relativo a la moción de reconsideración en los procedimientos administrativos. 3 L.P.R.A. sec. 2165. En lo concerniente, esta sección expresa que "[l]a parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden". *Íd*. Así, se establece estatutariamente el mecanismo

de    reconsideración    de    resoluciones    u    órdenes
interlocutorias emitidas durante un proceso administrativo.

Por otro lado, el Proyecto de Reglas de Procedimiento
Penal de diciembre de 2008, el cual está siendo considerado
actualmente por el Pleno de esta Curia, arroja luz sobre la
existencia  y  los  efectos  de  la  moción  o  solicitud  de
reconsideración  tanto  para  sentencias  finales  como  para
resoluciones  u  órdenes  interlocutorias  o  postsentencia.  A
tales  efectos,  la  propuesta  Regla  805  del  Proyecto  de
Reglas de Procedimiento Penal preceptúa, entre otras cosas,
que:

> La    presentación    de    una    moción    de
> reconsideración      dentro      del      plazo
> improrrogable  de  quince  días  de  emitida
> cualquier  sentencia  interrumpirá  los  plazos
> dispuestos    en    la    Regla    803    para    la
> presentación  de  los  recursos  de  apelación  o
> *certiorari*. **Una moción de reconsideración de
> un  dictamen  interlocutorio  o  postsentencia
> deberá  presentarse  dentro  del  término  de
> cumplimiento  estricto  de  quince  días.**  Los
> plazos  comenzarán  a  transcurrir  nuevamente  a
> partir  de  la  fecha  en  que  se  notifique  la
> resolución  del  tribunal  que  haya  adjudicado
> definitivamente       la       moción       de
> reconsideración. <u>Proyecto  de  Reglas  de
> Procedimiento  Penal</u>,  Secretariado  de  la
> Conferencia  Judicial  y  Notarial,  enero  de
> 2008, R. 805 (Énfasis suplido).

Como se deprende de la anterior regla propuesta, el
Comité  Asesor  Permanente  de  Reglas  de  Procedimiento
Criminal asignado para renovar y actualizar nuestro cuerpo
de  normas  de  procedimiento  criminal,  entendió  necesario
reconocer  y  explicitar  la  existencia  del  mecanismo  de
moción de reconsideración sobre no sólo sentencias finales,
sino    también    respecto    órdenes    y    resoluciones

interlocutorias, así como dictámenes postsentecia. Mediante esta disposición, no sólo se logra el objetivo mencionado de una unificación en el funcionamiento del sistema judicial mediante reglas cada vez más congruentes entre sí, sino que se viabiliza reglamentariamente el poder inherente de los tribunales de revisar sus dictámenes y providencias.

El decidir lo contrario, tendría la consecuencia de privarle al foro judicial de corregir sus órdenes o resoluciones interlocutorias cuando una parte afectada negativamente se lo solicite durante un proceso penal. Asimismo, ante la falta de prohibición de este mecanismo procesal utilizado comúnmente en nuestros tribunales, es forzoso concluir que esta práctica forma parte de nuestro sistema de justicia y de las estrategias de litigio que diariamente realizan las partes durante los procesos penales.

De igual forma, ante la falta de regulación de este mecanismo procesal, entendemos que lo propio, al evaluar las disposiciones reglamentarias análogas en las Reglas de Procedimiento Civil de 2009 y en el Proyecto de Reglas de Procedimiento Penal de diciembre de 2008, es que se fije un término de estricto cumplimiento de quince días mediante el cual una parte afectada podrá solicitarle al Tribunal de Primera Instancia la reconsideración de alguna orden o resolución interlocutoria en un proceso penal. Ello es cónsono con el principio de uniformidad entre reglas procesales para adelantar los objetivos plasmados en la Ley

de la Judicatura de 2003, *supra*, y de una administración de la justicia eficaz y eficiente.

Aclarada la existencia de la moción o solicitud de reconsideración respecto a una orden o resolución interlocutoria en el proceso penal, pasemos a analizar su efecto procesal sobre el término para acudir ante el Tribunal de Apelaciones mediante recurso de *certiorari*.

B.

La Ley de la Judicatura de 2003, *supra*, establece en su Art. 4.006 la competencia del Tribunal de Apelaciones sobre los asuntos que dicho foro está facultado para atender. Entre otros, "[e]l Tribunal de Apelaciones conocerá de los siguientes asuntos: (b) mediante auto de *certiorari* expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia". 4 L.P.R.A. sec. 24y(b)(Énfasis en el original). De igual manera, el Reglamento del Tribunal de Apelaciones establece que:

> (D) El recurso de *certiorari* para revisar cualquier otra resolución u orden o sentencia final al revisar un laudo de arbitraje del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta (30) días siguientes a la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida. Este término es de estricto cumplimiento. 4 L.P.R.A. Ap. XXII-B R. 32(D). (Énfasis en el original)

Por ende, la parte afectada por alguna orden o resolución interlocutoria en un proceso penal, al amparo de las disposiciones antes citadas, puede presentar un recurso

de *certiorari* mediante el cual apele el dictamen interlocutorio del foro primario dentro de los treinta días siguientes a la fecha en que el dictamen fue notificado. Este término, tal como se desprende de lo anterior, es de cumplimiento estricto. No obstante, subsiste la interrogante sobre el efecto procesal de una oportuna presentación de una moción o solicitud de reconsideración de alguna orden o resolución interlocutoria sobre el término de treinta días para presentar un recurso de *certiorari* ante el Tribunal de Apelaciones.

Como se expresó anteriormente, de una lectura del Art. 194 de las Reglas de Procedimiento Criminal, *supra*, así como de la Ley de la Judicatura de 2003, *supra*, y del Reglamento del Tribunal de Apelaciones, *supra*, surge que, al igual que con la existencia del mecanismo de reconsideración sobre asuntos interlocutorios en el ámbito penal, también existe un vacío normativo en cuanto al efecto de este mecanismo procesal sobre el plazo para acudir ante el foro apelativo intermedio. La Regla 194 de Procedimiento Criminal, *supra*, sin embargo, es muy clara sobre el efecto de una presentación de solicitud de reconsideración de sentencia dentro del término improrrogable de quince días respecto al término para presentar un recurso de *certiorari* o apelación ante el Tribunal de Apelaciones. Por tal razón, la referida regla expresa que:

> Si cualquier parte solicitare la reconsideración de la sentencia dentro del

> término improrrogable de quince (15) días desde que la sentencia fue dictada, el término para radicar el escrito de apelación o de *certiorari* quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del tribunal adjudicando la moción de reconsideración. *Íd.*

Por ende, no hay duda de que si se solicita la reconsideración sobre una *sentencia* emitida por el Tribunal de Primera Instancia, ello interrumpe el término para acudir ante el Tribunal de Apelaciones mediante recurso de apelación o de *certiorari*. Dicho término comenzará a transcurrir nuevamente a partir del archivo en autos de la notificación de la resolución del tribunal mediante la cual adjudicó la moción de reconsideración. Claro está, la Regla 194 de Procedimiento Criminal es muy precisa al limitar este efecto a solicitudes de reconsideración de una *sentencia* emitida por el foro primario, no así sobre órdenes o resoluciones interlocutorias.

Por otro lado, como mencionamos anteriormente, el derogado Art. 4.002(f) de la Ley de la Judicatura de 1994, establecía que una solicitud de reconsideración sobre una resolución interlocutoria en un proceso penal no interrumpía el término para acudir mediante *certiorari* ante el Tribunal de Apelaciones, a menos que el Tribunal de Primera Instancia la acogiese dentro del término de treinta días dispuesto en el referido artículo derogado. No obstante, al aprobarse la Ley de la Judicatura de 2003, *supra*, el legislador derogó la disposición contenida en el anterior Art. 4.002(f) de la Ley de la Judicatura de 1994,

*supra.* Al así proceder, rechazó el que las mociones de reconsideración de resoluciones u órdenes interlocutorias en los procesos penales no interrumpan con su mera presentación el término para acudir ante el foro apelativo intermedio mediante recurso de *certiorari.*

Asimismo, con el propósito de eliminar la ambigüedad creada sobre qué significaba considerar una moción de reconsideración en el ámbito civil y, por ello, concluir que sí se interrumpieron los términos para acudir ante el Tribunal de Apelaciones en alzada, el legislador entendió que lo más adecuado era pautar que la oportuna y correcta presentación de una moción de reconsideración ante el Tribunal de Primera Instancia, tanto para resoluciones y órdenes interlocutorias como para sentencias, interrumpe el término para acudir mediante *certiorari* ante el Tribunal de Apelaciones. 32 L.P.R.A. Ap. V R. 47.

De igual forma, los miembros del Comité Asesor Permanente de Reglas de Procedimiento Criminal entendieron que, en aras de uniformar los cuerpos procesales en el ámbito civil y penal, la oportuna presentación de una moción de reconsideración de alguna resolución u orden interlocutoria, interrumpe de por sí, como mencionamos que sucede durante un proceso civil, el término para acudir mediante *certiorari* ante el foro apelativo intermedio. Específicamente, la Regla 805 propuesta establece que, entre otras cosas:

> Una moción de reconsideración de un dictamen interlocutorio o postsentencia

deberá presentarse dentro del término de cumplimiento estricto de quince días. Los plazos comenzarán a transcurrir nuevamente a partir de la fecha en que se notifique la resolución del tribunal que haya adjudicado definitivamente la moción de reconsideración. <u>Proyecto de Reglas de Procedimiento Penal</u>, Secretariado de la Conferencia Judicial y Notarial, enero de 2008, R. 805.

Ante el vacío normativo que existe en cuanto al efecto procesal de la presentación de una solicitud de reconsideración sobre el término para acudir en alzada ante el Tribunal de Apelaciones, lo más prudente es, persuadiéndonos la recomendación del Comité Asesor Permanente de Reglas de Procedimiento Criminal, determinar que una oportuna moción de reconsideración de una resolución u orden interlocutoria durante un proceso penal interrumpe el referido término de treinta días para acudir mediante *certiorari* ante el Tribunal de Apelaciones. Así, el término comenzará cuando se notifique la resolución que resuelva la solicitud de reconsideración.

Como se sabe, uno de los propósitos de la Ley de la Judicatura de 2003, *supra*, es la uniformidad en el funcionamiento de la Rama Judicial. En nuestra prerrogativa de adoptar reglas que propicien el cumplimiento con los objetivos elementales de la Ley de la Judicatura de 2003, y al amparo de los principios rectores de economía procesal, justicia y rapidez en los trámites judiciales, entendemos que es preciso dejar claro que una oportuna moción de reconsideración de una resolución u orden interlocutoria en un proceso penal interrumpe el término para acudir ante el

Tribunal de Apelaciones mediante recurso de *certiorari*. Dicha solicitud de reconsideración, como hemos dicho, debe presentarse durante el término improrrogable de quince días a partir de notificada la orden o resolución interlocutoria que se pretende reconsiderar.

Decidir lo contrario sería darle la espalda a la realidad procesal del litigio penal en nuestros tribunales. El acoger otros términos, por su parte, sería obviar uno de los propósitos rectores de la revisión de las reglas de Procesal Civil, Procesal Criminal y de Evidencia: uniformar el funcionamiento de los tribunales mediante reglas correlacionadas entre sí.

A la luz de la normativa expuesta, pasemos a disponer concretamente del caso ante nuestra consideración.

III.

En este caso, el 1 de abril de 2009, el Tribunal de Primera Instancia declaró no ha lugar una oportuna solicitud de supresión de evidencia presentada por el señor Román Feliciano al amparo de la Regla 234 de Procedimiento Criminal, *supra*. Insatisfecho con tal determinación, el 17 de abril de ese mismo año, el señor Román Feliciano presentó ante el foro primario una solicitud de reconsideración respecto a la resolución que declaró no ha lugar la referida moción de supresión de evidencia en su caso. Examinada ésta, el 27 de abril de 2009, el foro de instancia la declaró no ha lugar. Aún inconforme, el 26 de mayo de 2009, 29 días después de haber sido notificada la

resolución denegando la moción de reconsideración, el peticionario presentó un recurso de *certiorari* ante el Tribunal de Apelaciones.

Por su parte, el foro apelativo intermedio se declaró sin jurisdicción para atender el caso. Esto, esencialmente, porque concluyó que la Regla 194 de Procedimiento Criminal, *supra*, sólo regula lo relativo a las mociones de reconsideración de *sentencias* en procesos penales. No obstante, el Tribunal de Apelaciones expresó que sobre la moción de reconsideración de una orden o resolución interlocutoria en el ámbito penal existe un evidente vacío normativo. Dicho foro, sin embargo, concluyó que, al no estar regulada la solicitud de reconsideración sobre dictámenes interlocutorios en nuestros cuerpos normativos, sólo una moción de reconsideración de una sentencia emitida por el foro de instancia interrumpe el término para acudir ante el Tribunal de Apelaciones mediante recurso de *certiorari*. Un argumento similar es el que también nos esboza el Estado mediante la Procuradora General. No nos convence este razonamiento.

De acuerdo con la normativa pautada anteriormente, y supliendo la laguna normativa que existía al respecto, la presentación de la moción de reconsideración de la resolución interlocutoria declarando no ha lugar una solicitud de supresión de evidencia en este caso interrumpió el término para acudir mediante *certiorari* ante el Tribunal de Apelaciones. Al amparo de la normativa

antes expuesta, el término para acudir en alzada ante el Tribunal de Apelaciones en el caso de autos quedó interrumpido el 17 de abril de 2009, día en que el señor Román Feliciano presentó una oportuna moción de reconsideración ante el Tribunal de Primera Instancia. Al haber emitido dicho foro una resolución denegando la moción de reconsideración el 27 de abril de ese mismo año, desde ese momento comenzaron los treinta días de estricto cumplimiento para acudir mediante *certiorari* ante el foro apelativo intermedio.

Por lo tanto, como el señor Román Feliciano presentó un recurso de *certiorari* dentro del término de treinta días para acudir ante el Tribunal de Apelaciones en este caso, dicho foro no puede justificar la denegatoria del referido recurso apelativo por éste haber sido presentado tardíamente.

Mediante este proceder, subsanamos por ahora el vacío normativo existente referente a los efectos de la moción de reconsideración de órdenes o resoluciones interlocutorias sobre el término para acudir en alzada ante el Tribunal de Apelaciones. No obstante, esto no impide que, al momento de adoptar nuevas Reglas de Procedimiento Criminal, este Tribunal acoja una normativa diferente sobre esta materia. En estos momentos, sin embargo, es imperativo suplir normativamente este vacío, pues nos enfrentamos a un mecanismo procesal utilizado a diario en los Tribunales de Primera Instancia de nuestra jurisdicción.

V.

Por los fundamentos antes expuestos, se revoca la resolución emitida por el Tribunal de Apelaciones, y se devuelve el caso ante dicho foro para que lo atienda si, discrecionalmente, entiende que es lo correcto.

Se dictará Sentencia de conformidad.


                                    Federico Hernández Denton
                                         Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                       CC-2009-733      Certiorari

Ronny A. Román Feliciano

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 12 de abril de 2011.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la resolución emitida por el Tribunal de Apelaciones, y se devuelve el caso ante dicho foro para que lo atienda si, discrecionalmente, entiende que es lo correcto.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres disiente con opinión escrita. La Jueza Asociada señora Pabón Charneco no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico
      Recurrido

        v.

                              CC-2009-733

Ronny A. Román Feliciano
      Peticionario


Opinión disidente emitida por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 12 de abril de 2011.

¿Qué efecto tiene la presentación a tiempo de una moción de reconsideración de una resolución interlocutoria, en un caso penal, en el Tribunal de Primera Instancia? ¿Interrumpe el término para recurrir por *certiorari* al Tribunal de Apelaciones? El Tribunal concluye que sí porque identifica que existe un "vacío normativo" al respecto. Discrepo respetuosamente. No hay vacío alguno. Lo que sucede es que la presentación oportuna de una moción de reconsideración de una resolución interlocutoria en casos penales no interrumpe el término para recurrir al foro intermedio, en ausencia de una ley que así lo disponga. Por esa razón, confirmaría al Tribunal de Apelaciones.

El Tribunal se basa en dos principios para concluir que existe un vacío normativo al respecto. Primero, según la Regla 194 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, la presentación oportuna de una moción de reconsideración de sentencia en un caso criminal interrumpe el plazo para apelar. Véase, Pueblo v. Santana Rodríguez, 148 D.P.R. 400 (1999). Segundo, en aras de la uniformidad procesal el Tribunal afirma que debemos aplicar el mismo principio a las solicitudes de *certiorari* de una resolución interlocutoria del foro primario, en casos penales.

Esa posición pretende resolver un problema que no existe. Como bien menciona el Tribunal, el Art. 4.002(f) de la derogada Ley de la Judicatura de 1994, 4 L.P.R.A. sec. 22k(f), disponía que la presentación oportuna de una moción de reconsideración interlocutoria interrumpía el término para recurrir de ella por *certiorari* únicamente si el Tribunal de Apelaciones la acogía dentro del mismo plazo. No obstante, como bien señala el Tribunal, al derogar esta disposición el legislador rechazó que la presentación de una moción de reconsideración interrumpa de alguna manera el plazo para revisar una resolución interlocutoria en casos penales.

A mi modo de ver, esto contesta la interrogante que este recurso presenta. Como bien concluyó el Tribunal de Apelaciones, bajo el estado de derecho vigente había un término de 30 días para revisar la resolución

interlocutoria que dictó el foro primario en este caso penal. Regla 32(D) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXI-B. Desde que se derogó el Art. 4.002(f) de la Ley de la Judicatura de 1994, _supra_, la presentación de la moción de reconsideración en el Tribunal de Primera Instancia no interrumpe el término para recurrir al Tribunal de Apelaciones.

Coincido en que sería preferible que ese término se interrumpiera, especialmente cuando el Tribunal de Primera Instancia acoge la moción antes de resolverla, tal y como contemplaba la Ley de la Judicatura de 1994. Más aun, en aras de lograr una uniformidad procesal es preferible, como señala el Tribunal, que la mera presentación de la moción interrumpa el plazo para recurrir, según se contempla en la propuesta Regla 805 del Proyecto de Reglas de Procedimiento Penal del Secretariado de la Conferencia Judicial y Notarial, enero de 2008. Después de todo, ese es el efecto de la presentación oportuna de una moción de reconsideración en los casos civiles y en las revisiones judiciales de las decisiones finales de las agencias administrativas. Véanse la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. V, y la Sec. 3.15 de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2165.

Lo que el Tribunal interpreta como un vacío es en realidad un defecto normativo de la Ley de la Judicatura de 2003. En ese sentido al menos, esto es muestra de que el estatuto de 2003 es inferior en su alcance y utilidad práctica a la ley de 1994 que suplantó. Ello no obstante, la insatisfacción con la derogación legislativa de la interrupción del término para revisar y la superioridad aparente de la norma propuesta en el Proyecto de Reglas de Procedimiento Penal no nos faculta para legislar nuestras preferencias desde el estrado.

Tenemos la facultad para complementar los procedimientos que aprobó la Asamblea Legislativa, pero siempre que la norma jurisprudencial que adoptemos no contravenga lo dispuesto por ley. Pueblo v. Sánchez Torres, 102 D.P.R. 499 (1974). Lamentablemente ese es lo que sucede en este caso, pues no hay vacío normativo que llenar. En 2003 el legislador derogó la interrupción del término para presentar un *certiorari* interlocutorio en casos penales. El efecto de esa derogación no es crear un vacío en la norma sino cambiarla. En otras palabras, al presente el plazo no es susceptible de interrupción. Un estudio de las reglas y leyes aplicables debió convencer de esa realidad al abogado del acusado-peticionario. Hasta que la Asamblea Legislativa disponga lo contrario mediante enmienda a las reglas o la adopción de la propuesta de nuestro Secretariado, no podemos alterar el cómputo de los términos para recurrir según la ley

vigente. La facultad de hacer enmiendas a las reglas procesales le corresponde a la Asamblea Legislativa, según el Art. V, Sec. 6 de la Constitución de Puerto Rico, 1 L.P.R.A.

Por esa razón, disiento respetuosamente. La moción de reconsideración no podía interrumpir el plazo para recurrir al Tribunal de Apelaciones. Por ello, confirmaría su dictamen, en el cual se rechazó el recurso de *certiorari* interlocutorio, por tardío.


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado