Opinión disidente emitida por
el Juez Asociado Señor Mar-tínez Torres.
¿Qué efecto tiene la presentación a tiempo de una mo-ción de reconsideración de una resolución interlocutoria, en un caso penal, en el Tribunal de Primera Instancia? ¿Interrumpe el término para recurrir por certiorari al Tribunal de Apelaciones? El Tribunal concluye que sí porque identifica que existe un “vacío normativo” al respecto. Dis-crepo respetuosamente. No hay vacío alguno. Lo que su-cede es que la presentación oportuna de una moción de reconsideración de una resolución interlocutoria en casos penales no interrumpe el término para recurrir al foro in-termedio, en ausencia de una ley que así lo disponga. Por esa razón, confirmaría al Tribunal de Apelaciones.
El Tribunal se basa en dos principios para concluir que existe un vacío normativo al respecto. Primero, según la Regla 194 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, la presentación oportuna de una moción de reconsideración de sentencia en un caso criminal interrumpe el plazo para apelar. Véase Pueblo v. Santana Rodríguez, 148 D.P.R. 400 (1999). Segundo, en aras de la uniformidad procesal, el Tribunal afirma que debemos aplicar el mismo principio a las *697 solicitudes de certiorari de una resolución interlocutoria del foro primario, en casos penales.
Esa posición pretende resolver un problema que no existe. Como bien menciona el Tribunal, el Art. 4.002(f) de la derogada Ley de la Judicatura de 1994 (4 L.P.R.A. sec. 22k(f)) disponía que la presentación oportuna de una mo-ción de reconsideración interlocutoria interrumpía el tér-mino para recurrir de ella por certiorari únicamente si el Tribunal de Apelaciones la acogía en el mismo plazo. No obstante, como bien señala el Tribunal, al derogar esta dis-posición el legislador rechazó que la presentación de una moción de reconsideración interrumpa de alguna manera el plazo para revisar una resolución interlocutoria en casos penales.
A mi modo de ver, esto contesta la interrogante que este recurso presenta. Como bien concluyó el Tribunal de Ape-laciones, según el estado de derecho vigente había un tér-mino de treinta días para revisar la resolución interlocuto-ria que dictó el foro primario en este caso penal. Regla 32(D) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXI-B. Desde que se derogó el Art. 4.002(f) de la Ley de la Judicatura de 1994, supra, la presentación de la moción de reconsideración en el Tribunal de Primera Instancia no interrumpe el término para recurrir al Tribunal de Apelaciones.
Coincido en que sería preferible que ese término se in-terrumpiera, especialmente cuando el Tribunal de Primera Instancia acoge la moción antes de resolverla, tal y como contemplaba la Ley de la Judicatura de 1994. Más aún, en aras de lograr una uniformidad procesal es preferible, como señala el Tribunal, que la mera presentación de la moción interrumpa el plazo para recurrir, según se con-templa en la propuesta Regla 805 del Proyecto de Reglas de Procedimiento Penal del Secretariado de la Conferencia Judicial y Notarial, enero de 2008, pág. 115. Después de todo, ese es el efecto de la presentación oportuna de una *698 moción de reconsideración en los casos civiles y en las re-visiones judiciales de las decisiones finales de las agencias administrativas. Véanse: Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. V; Sec. 3.15 de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2165.
Lo que el Tribunal interpreta como un vacío es en rea-lidad un defecto normativo de la Ley de la Judicatura de 2003. En ese sentido al menos, esto es muestra de que el estatuto de 2003 es inferior en su alcance y utilidad prác-tica a la ley de 1994 que suplantó. Ello no obstante, la insatisfacción con la derogación legislativa de la interrup-ción del término para revisar y la superioridad aparente de la norma propuesta en el Proyecto de Reglas de Procedi-miento Penal no nos faculta para legislar nuestras prefe-rencias desde el estrado.
Tenemos la facultad para complementar los procedi-mientos que aprobó la Asamblea Legislativa, pero siempre que la norma jurisprudencial que adoptemos no contra-venga lo dispuesto por ley. Pueblo v. Sánchez Torres, 102 D.P.R. 499 (1974). Lamentablemente eso es lo que sucede en este caso, pues no hay vacío normativo que llenar. En 2003, el legislador derogó la interrupción del término para presentar un certiorari interlocutorio en casos penales. El efecto de esa derogación no es crear un vacío en la norma sino cambiarla. En otras palabras, al presente el plazo no es susceptible de interrupción. Un estudio de las reglas y leyes aplicables debió convencer de esa realidad al abogado del acusado peticionario. Hasta que la Asamblea Legisla-tiva disponga lo contrario mediante enmienda a las reglas o la adopción de la propuesta de nuestro Secretariado, no podemos alterar el cómputo de los términos para recurrir según la ley vigente. La facultad de hacer enmiendas a las reglas procesales le corresponde a la Asamblea Legislativa, *699 según el Art. V, Sec. 6, de la Constitución de Puerto Rico, L.P.R.A., Tomo 1.
Por esa razón, disiento respetuosamente. La moción de reconsideración no podía interrumpir el plazo para recu-rrir al Tribunal de Apelaciones. Por ello, confirmaría su dictamen, en el cual se rechazó el recurso de certiorari in-terlocutorio, por tardío.